IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLON D. MCGINN,

              Petitioner,

v.                                          CASE NO. 23-3095-JWL

TOMMY WILLIAMS,

              Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Carlon D. McGinn, a state prisoner currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction. Accordingly, the notice of deficiency issued by the Court on April 5, 2023 is moot and Petitioner need not comply with its directives.

### Background

In 2001, Petitioner pled guilty in the District Court of Adams County, Colorado to felony menacing. *McGinn v. People of Colo.*, 2010 WL 4318564, *1 (D. Colo. Oct. 25, 2010) (unpublished order of dismissal). He was sentenced to 3 years in prison. *Id.* In 2002, a Colorado state district court revoked Petitioner's probation related to an earlier theft conviction and ordered him to serve 3 years in prison, to run concurrently to the felony menacing sentence. *Id.* at *1 n.1. In 2003, Petitioner pled guilty in the District Court of Sedgwick County, Kansas to rape and aggravated criminal sodomy and the district court imposed a controlling sentence of 554 months in prison, to run consecutive to the Colorado sentence. *McGinn v. State*, 2011 WL 4357819, *1 (Kan. Ct. App. Sept. 16, 2011) (unpublished opinion), *rev. denied* March 8, 2012. In 2004, after Petitioner was paroled in Colorado, he was moved to Kansas to serve his Kansas sentences.

*McGinn v. People of Colo.*, 2010 WL 4318564, at *1.

Since that time, Petitioner has challenged his convictions and sentences through multiple state and federal court actions. *See, e.g.*, *State v. McGinn*, 2022 WL 1197320 (Kan. Ct. App. April 22, 2022) (unpublished opinion in appeal from denial of second motion to correct illegal sentence); *State v. McGinn*, 2016 WL 758310 (Kan. Ct. App. Feb. 26, 2016) (unpublished opinion in appeal from denial of first motion to correct illegal sentence); *McGinn v. Heimgardner*, Case No. 12-cv-3131-RDR, 2012 WL 2060656 (D. Kan. June 7, 2012) (unpublished order in federal habeas action asserting that Kansas courts lacked jurisdiction to try and sentence him); *McGinn v. State*, 2011 WL 4357819 (appeal from denial of a K.S.A. 60-1507 petition for state habeas relief). He filed the federal habeas petition now before this Court on April 5, 2023. (Doc. 1.)

The petition currently before this Court alleges two grounds for relief. Ground One asserts that the Kansas courts lacked jurisdiction to sentence him and, more recently, the Kansas courts' denials of his motions to correct illegal sentence were "without merit and authority." *Id.* at 5. Ground Two also challenges his Kansas sentences, alleging that the Kansas courts have violated multiple federal constitutional provisions in the way his Kansas sentences were calculated and by the rejection of his motions to correct illegal sentence. *Id.* at 6. As relief, Petitioner asks the Court to order the state courts to resentence him. *Id.* at 14.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

This is Petitioner's second § 2254 action challenging his 2003 convictions. The first was

dismissed in 2013 as time-barred. *McGinn v. Heimgardner*, Case No. 12-cv-3131-RDR, Doc. 4, p.2, issued June 11, 2013. "[T]he dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive." *Shirley v. Davis*, 521 Fed. Appx. 647, 648 n.1 (10th Cir. 2013) (unpublished) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), and other cases).

Petitioner asserts that this matter is timely because the "final judgment" he asks this Court to review is the Kansas Supreme Court's denial of his petition for review in his most recent appeal from the denial of a motion to correct illegal sentence. (Doc. 1, p. 13.) Moreover, as noted above, his asserted grounds for relief involve arguments made in the context of his motions to correct illegal sentence. *Id.* at 5-6. Liberally construing the petition, as is appropriate because Petitioner proceeds pro se, it appears that Petitioner believes that the 2022 denial of the petition for review constitutes a "new judgment" from which he may seek federal habeas relief under § 2254. This is inaccurate.

The "judgment" on which federal habeas courts focus is the judgment "pursuant to which [the habeas applicant is] being detained," not the most recent order relevant to any issue raised in the federal habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 155-56 (2007). Although there are certain circumstances under which a new judgment may allow a second § 2254 petition that would not be considered second or successive, those circumstances do not exist here. *See Magwood v. Patterson*, 561 U.S. 320, 323 (2010) (when a state court conducted a second sentencing hearing after the defendant obtained federal habeas relief, the defendant could seek federal habeas relief from the new sentence without the application being considered second or successive). Instead, Petitioner is in custody pursuant to the convictions and sentences—the judgment—that occurred in 2003.

Because a previous petition for relief under § 2254 challenging the 2003 judgment was dismissed as time-barred, the current petition is successive and Petitioner is required to seek authorization from the Tenth Circuit to proceed on it. He has not done so. When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the

interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See id*.

Because Petitioner is proceeding pro se, the Court will liberally construe the petition and hold it to "'less stringent standards than formal pleadings drafted by lawyers.'" *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even doing so, however, the claims in the present petition are time-barred. This Court determined nearly 10 years ago, as explained in the 2013 dismissal order, that claims brought under § 2254 to challenge Petitioner's 2003 convictions are untimely. Thus, the claims in this matter are time-barred and the Court concludes that it would not serve the interest of justice to transfer this matter to the Tenth Circuit for possible authorization. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial

of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue. As such, Petitioner is no longer required to comply with the Notice and Order of Deficiency. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

**IT IS SO ORDERED.**

DATED:   This 6th day of April, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge