IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLON D. MCGINN,

                Petitioner,

v.                                             CASE NO. 23-3095-JWL

TOMMY WILLIAMS,

                Respondent.

**MEMORANDUM AND ORDER**

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Carlon D. McGinn, a state prisoner currently incarcerated at El Dorado Correctional Facility in El Dorado, Kansas. On April 6, 2023, the Court dismissed this matter for lack of jurisdiction because it is an unauthorized second or successive petition. It comes before the Court on Petitioner's motion to alter or amend judgment and his motion for certificate of appealability. (Docs. 6 and 7.)

      The Court may grant a motion to amend judgment under Federal Rule of Civil Procedure 59(e) only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) relief is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Under Federal Rule of Civil Procedure 60(b), the Court may order relief from a final judgment, but only in exceptional circumstances. *See id.* at 1009. A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F.

1

Supp. 1445, 1450 (D. Kan. 1995).

The Court has carefully considered the motions now before it and the arguments Petitioner makes therein. In the motion to alter or amend judgment, Petitioner asks the Court to reconsider its dismissal of his petition and decide to entertain his second or successive petition based on the merits of the claims therein. (Doc. 6.) The Court cannot do so. As explained in the order of dismissal, "Before a petitioner may proceed in a second or successive application for habeas corpus relief, 'the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A)." (Doc. 4, p. 2.) Petitioner did not obtain that authorization prior to filing his petition in this matter and has not yet done so.[1] Thus, this Court lacks jurisdiction over the matter and may not consider its merits. *See id.* at 3-4. The motion to alter or amend judgment presents no information that would cause this Court to reconsider the conclusion that it lacks jurisdiction over this unauthorized, second or successive petition for federal habeas relief. Thus, the motion for reconsideration will be denied.

Petitioner also seeks a certificate of appealability from this Court. (Doc. 7.) Because this Court previously denied a certificate of appealability in the order of dismissal, it will treat the current motion as one for reconsideration of that denial. As explained in the order of dismissal,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. In the current motion, Petitioner concedes that he "inadvertently made a procedural error by filing a second or successive 28 U.S.C. § 2254 habeas petition without first

---

[1] The Court notes that Petitioner's motion to alter or amend asserts that Petitioner has filed a request for authorization in the Tenth Circuit. (Doc. 6, p. 2.) He has also filed a notice of appeal in this matter. (Doc. 8.)

seeking an Authorization Order." (Doc. 7, p. 1.) This concession supports the Court's prior conclusion that jurists of reason would *not* find it debatable whether this Court was correct in his procedural ruling. Accordingly, the motion for a certificate of appealability will be denied.

**IT IS THEREFORE ORDERED** that the motion to alter or amend judgment (Doc. 6) and the motion for certificate of appealability (Doc. 7) are **denied.**

**IT IS SO ORDERED.**

DATED:   This 24th day of April, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge